UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN MANN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:19-079-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| ARAMARK, INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff John Mann is an inmate at the Northpoint Training Center, a state prison located in Burgin, Kentucky. Proceeding without a lawyer, Mann filed a Complaint alleging that Aramark, Inc., which provides food services under contract with Northpoint, and certain Northpoint and Aramark employees are violating his Eighth Amendment right not to be subjected to cruel and unusual punishment. The crux of Mann's claims is that the defendants serve him food of inadequate quantity and quality and, as a result, he is unable to control his diabetes. [Record No. 1] Mann also filed a number of preliminary motions, including a motion for leave to proceed *in forma pauperis* [Record No. 3], a motion requesting the appointment of counsel [Record No. 5], and a motion requesting a jury trial [Record No. 6].

The Court has reviewed Mann's fee motion and financial records and will grant his request to proceed as a pauper. This means that Mann must pay the $350.00

filing fee in installments over time and in accordance with 28 U.S.C. § 1915(b). The Court will waive the $50.00 administrative fee in this case. *See* District Court Miscellaneous Fee Schedule, § 14.

The Court will deny Mann's motion for the appointment of counsel. The plaintiff does not have a constitutional right to counsel in this civil case, and this matter does not present the kind of exceptional circumstances that would otherwise justify the appointment of counsel at taxpayers' expense. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

The Court also will deny as premature Mann's motion for a jury trial. While the Court acknowledges Mann's demand for a jury trial, no such trial can occur until after the defendants have answered Mann's Complaint, the parties have engaged in any necessary discovery, and the Court has resolved any dispositive motions.

Turning to Mann's Complaint, the Court has conducted an initial review of the pleading pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). While Mann names four defendants in his Complaint, the Court will dismiss his claim against Defendant Amanda Durrett. Mann's only allegation against Durrett is that she responded to his grievances. [Record No. 1-1 at 3, 22] The United States Court of Appeals for the Sixth Circuit has recognized that "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003). Therefore, Mann has failed to state a claim against Durrett.

Finally, the Court will allow Mann's claims against the remaining defendants to proceed. And because the Court has granted Mann pauper status, it will direct the Clerk's Office and the United States Marshals Service (USMS) to serve the remaining defendants with a summons and copy of the Complaint on Mann's behalf.

Accordingly, it is hereby **ORDERED** as follows:

1. Mann's motion for leave to proceed *in forma pauperis* [Record No. 3] is **GRANTED**. Payment of the $50.00 administrative fee is **WAIVED**. However, pursuant to 28 U.S.C. § 1915(b), Mann must pay the $350.00 filing fee in the manner set forth below.

2. Within 30 days, Mann must pay $10.62 to the Clerk of this Court as an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1)(A).

3. The Clerk of the Court shall open an account in Mann's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form [E.D. Ky. 525 Form] with (a) Mann's name, (b) his inmate registration number, and (c) this case number. The Clerk shall then send a copy of this Order and the Notice of Payment Form to the Warden of the institution in which Mann is currently confined.

4. Once Mann pays the initial partial filing fee, his custodian shall send the Clerk of this Court a payment each month out of Mann's inmate trust fund account. This payment should be in an amount equal to 20% of Mann's

income from the preceding month. That said, the custodian shall only send a monthly payment if the amount in Mann's account exceeds $10.00. Ultimately, the custodian shall continue the monthly payments until Mann's entire $350.00 filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

5. Mann's motion for the appointment of counsel [Record No. 5] is **DENIED**.

6. Mann's motion for a jury trial [Record No. 6] is **DENIED** as premature.

7. Mann's Eighth Amendment claim against defendant Amanda Durrett is **DISMISSED** with prejudice. As a result, the Clerk's Office is **DIRECTED** to **TERMINATE** Durrett as a defendant in this action.

8. A Deputy Clerk **shall prepare** three "Service Packets" for service upon Aramark, Inc., Connie Helton, and Randy Ingram. Each Service Packet shall include:

    a. a completed summons form;

    b. the Complaint [Record No. 1];

    c. this Memorandum Opinion and Order; and

    d. a completed USM Form 285.

9. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

10. The USMS shall send a Service Packet by certified mail, return receipt requested, to Aramark, Inc.'s registered agent for service of process, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

11. The USMS shall personally serve Connie Helton and Randy Ingram at the Northpoint Training Center at 710 Walter Reed Road, Burgin, Kentucky 40422.

12. Within 21 days after being served with the summons and complaint, the defendants must answer or otherwise respond to Mann's complaint. *See* Fed. R. Civ. P. 12.

13. Mann must immediately advise the Clerk's Office of any change in his current mailing address. If he fails to do so, the Court will dismiss his case.

Dated: March 5, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge