UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN MANN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-079-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| ARAMARK CORRECTIONAL | ) | **MEMORANDUM OPINION** |
| SERVICES, LLC, ET AL.,[1] | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff John Mann is an inmate at the Northpoint Training Center, a state prison located in Burgin, Kentucky. Proceeding without a lawyer, Mann filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] The defendants then filed a motion to dismiss Mann's claims. [Record No. 15] The motion has been fully briefed and is ripe for review. For the reasons set forth below, the Court will deny the defendants' motion and will refer this case to a United States Magistrate Judge for further proceedings.

**I.**

Defendant Aramark Correctional Services, LLC ("Aramark") provides food services under contract with Northpoint. Mann alleges that Aramark and certain Aramark and Northpoint employees are violating his Eighth Amendment right prohibiting cruel and

---

[1] Mann incorrectly identified defendant Aramark Correctional Services, LLC as "Aramark, Inc." [Record No. 1] However, that defendant does not dispute that it is a valid party to this case. As a result, the Court will direct the Clerk of the Court to update the docket sheet accordingly.

-1-

unusual punishment. The crux of Mann's claims is that the defendants serve him food of inadequate quantity and quality. As a result, Mann asserts that he is unable to control his diabetes. More specifically, he alleges that his eyesight is worsening, his toenails are falling off, and he is experiencing neuropathy and organ failure. Mann seeks money damages in addition to other relief. [Record No. 1]

The Court conducted an initial review of Mann's Complaint pursuant to 28 U.S.C. § 1915A and 1915(e)(2) and pointed out that Mann named four defendants in his pleading: (1) Aramark, (2) Aramark employee Connie Helton, (3) Northpoint Food Service Director Randy Ingram, and (4) Food Services Branch Manager Amanda Durrett. The Court then dismissed Mann's claim against Durrett because his only allegation against her was that she responded to his grievances. This allegation does not give rise to a constitutional claim. The Court then allowed Mann's claims against the remaining defendants to proceed. Mann was granted pauper status and the Court directed the Clerk's Office and the United States Marshals Service to serve the remaining defendants with a summons and copy of the Complaint on Mann's behalf. [Record No. 8]

Defendants Aramark, Helton, and Ingram have now filed a motion to dismiss Mann's claims. They argue that Mann has failed to fully exhaust his administrative remedies, failed to allege that Aramark's conduct was attributable to a policy or custom, and failed to state a claim upon which relief may be granted with respect to Defendants Helton or Ingram. [Record No. 15] Mann responds by arguing that he fully exhausted all available administrative remedies. He further asserts that he has adequately alleged a

policy or custom and otherwise stated a claim for relief against the defendants. [Record No. 20] The defendants' reply brief echoes their prior arguments. [Record No. 24]

## II.

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 20140. And because Mann is proceeding in a pro se capacity, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Applying the above standard, the defendants' first argument regarding exhaustion is unavailing at this time. Mann alleges that he fully exhausted his administrative remedies within the Kentucky Department of Corrections [Record No. 1 at 5] and there is not clear evidence in the record directly contradicting that allegation. The Court recognizes that the defendants repeatedly argue that Mann failed to exhaust all of the administrative remedies available to him before filing his lawsuit. [Record No. 15 at 3-5] However, failure-to-exhaust "is an affirmative defense on which the defendant bears the burden of proof". *Vandiver v. Corr. Med. Servs.*, 326 F. App'x 885, 888 (6th Cir. 2009). Here, the defendants have not offered evidence in support of their motion. *See also Kramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. 2007) (explaining that failure-to-exhaust is an affirmative

defense that "may serve as a basis for dismissal only if raised *and proven* by the defendants") (emphasis added).

The defendants nevertheless suggest that Mann's own grievance documents attached to the Complaint establish that he has not yet fully exhausted his administrative remedies. The Court has fully reviewed these materials, recognizing that they are overlapping and somewhat confusing. For example, on one grievance form, Mann indicated that he was satisfied with the Grievance Committee's recommendation and did not wish to appeal that recommendation to the Warden. Nevertheless, the Warden proceeded to review the Committee's recommendation and issued his own decision, prompting Mann to check a box stating, "I wish to appeal this decision to the Commissioner." [Record No. 1-1 at 12]

Mann also separately alleges that he re-filed certain grievance documents, was "kept from exhausting," and also had another inmate file a grievance on his behalf using his "language word for word." [Record No. 1-1 at 2] Mann attaches the other inmate's grievance documents to his Complaint. [Record No. 1-1 at 14-19] Despite the confusing nature of these submissions, Mann repeatedly alleges that *he* fully exhausted his administrative remedies, including review by the Commissioner. [Record No. 1 at 5; Record No. 1-1 at 2] Because the Court accepts these allegation as true at this stage of the litigation, it will not dismiss Mann's Complaint on exhaustion grounds at this time.

The defendants' second argument that Mann has failed to state a claim for relief against Aramark is also unavailing, at least for now. The defendants are correct that, to prevail on a § 1983 claim against Aramark, Mann "must show that a policy or well-settled

custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011); *see also Monell v. City of New York Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). With respect to this issue, Mann repeatedly alleges that Aramark "removes ingredients from recipes" and that "food trays are light in weight and portion." [Record No. 1 at 2; *see also* Record No. 1-1 at 1, 3-4] These and other allegations in Mann's Complaint can be broadly construed as alleging that Aramark has a policy or custom of serving food of inadequate quantity and quality at Northpoint. Thus, the Court will allow Mann to proceed on his claim against Aramark.

Finally, the defendants briefly argue that Mann has failed state a claim for relief against either Helton or Ingram. The defendants, however, raise this point under their second argument—that Mann "failed to allege an official policy or custom." [Record No. 15 at 5] In fact, the defendants specifically argue that Mann "has failed to allege a custom or policy against *any* Defendant that is a moving force behind his alleged deprivations," and, as a result, his claims must be dismissed. [Record No. 15 at 7 (emphasis added)]. This argument conflates Mann's *Monell*-type claim against Aramark with his claims against Helton and Ingram.

Mann's allegations against Helton and Ingram are thin. However, Mann alleges that Helton directly changed at least one recipe, removing up to 20 pounds of an ingredient, and has also changed menus. [Record No. 1 at 1-3; Record No. 1-1 at 6, 8] Mann also alleges that Ingram is the Food Service Director at Northpoint, and in this capacity, does not ensure that food portions are of the proper weight and does not serve an adequate evening diabetic

snack to safeguard against sugar crashes. [Record No. 1 at 2; Record No. 1-1 at 1-4]. Finally, Mann references and attempts to incorporate allegations that both Helton and Ingram changed menus electronically and on paper. [Record No. 1-1 at 15] Ultimately, the Court must view the Complaint in the light most favorable to Mann. From this perspective, these allegations can be broadly construed as alleging the kind of deliberate conduct that can state a claim for relief against Helton and Ingram. Thus, the Court will allow Mann to proceed on his claims against these defendants.

### III.

Ordinarily, at this point in a civil case, the parties would exchange initial disclosures and confer on a proposed discovery plan. However, an action brought by a *pro se* prisoner is exempt from these requirements. *See* Fed. R. Civ. P. 16(b), 26(a)(1)(B)(iv), 26(f)(1); LR 16.1(c). Thus, the Court will refer this matter to a United States Magistrate Judge to oversee discovery and all matters of pretrial management.

In light of the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to update the docket sheet by replacing "Aramark, Inc." with "Aramark Correctional Services, LLC."

2. The defendants' motion to dismiss [Record No. 15] is **DENIED**.

3. Pursuant to 28 U.S.C. § 636(b), this matter is referred to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

4.  The Clerk of the Court shall assign this matter to a United States Magistrate Judge.

Dated: June 20, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge