UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN MANN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-079-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ARAMARK INC., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff John Mann is serving a forty-year sentence.  He is currently located at the Northpoint Training Center ("NTC") in Burgin, Kentucky.  Defendant Aramark, Inc., ("Aramark") provides food services to NTC.  Mann identifies Defendant Connie Helton as "Aramark Worker for NTC" and Defendant Randy Ingram as "Food Service Director."  He contends that the defendants remove ingredients from recipes and do not serve full portions of food, which constitutes deliberate indifference to his serious medical needs and a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  The parties have filed cross-motions for summary judgment. [Record Nos. 40, 42]   Because Mann's Complaint was not filed within the applicable statute of limitations, the defendants' motion will be granted and Mann's motion will be denied.

## I.    Background

Mann reports that he is diabetic and relies on food to keep his blood sugar under control. He contends that the first incident at issue occurred on January 26, 2016, when he was given a "half portion" of breakfast.  [Record No. 1, p. 3]  Mann concedes that he was re-served a full

- 1 -

breakfast on that date, but he still filed a grievance complaining that "food portions [were] light" and that he had been served a half-portion of eggs.  He filed a second grievance on April 12, 2017, in which he complained that he was not served full portions of food and that ingredients had been omitted from recipes.  *Id.* at p. 11.

Mann also contends that the defendants prevented him from administratively exhausting the second grievance, so he asked another inmate, Orville Ginn, to file a third grievance on his behalf.  Ginn filed a grievance on May 2, 2018, alleging that Aramark was not following the "master menu."  Ginn claimed, for example, that inmates did not receive ice cream on Thanksgiving 2017, as the menu provided.  He asserted that, at other unspecified times, inferior items were substituted for those indicated on the menu.  *Id.* at p. 15.

Mann alleges that the defendants' substitution of ingredients and failure to comply with the standardized menu has adversely affected his health.  He seeks monetary damages and requests that the defendants be "removed from their positions."

## II.     The Standard of Review

Summary judgment is appropriate when the moving party shows that there is no genuine dispute regarding any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Once the moving party has satisfied this burden, the burden shifts to the nonmovant. The nonmoving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be resolved by a jury."  *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).  In other words, the nonmoving party must present "significant probative evidence that establishes more than some metaphysical doubt as to the material

facts." *Golden v. Mirabile Invest. Corp.*, 724 F. App'x 441, 445 (6th Cir. 2019) (citation and alteration omitted).

The Court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, a dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. The Court may not weigh the evidence or make credibility determinations, but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 251–52 (1986). *See also Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). The existence of a scintilla of evidence favoring the nonmovant is not sufficient to avoid summary judgment. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 851 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 252).

### III. Discussion

#### A. The Defendants' Motion for Summary Judgment

The defendants argue that summary judgment in their favor is appropriate because Mann did not file this action within the applicable statute of limitations. Therefore, the Court begins analysis of the issues presented by examining Mann's attempts at exhausting administrative remedies.

##### 1. Exhaustion of Administrative Remedies

Prisoners are required to exhaust all available administrative remedies before challenging prison conditions in federal court. 42 U.S.C. § 1997e(a). However, this is not a jurisdictional requirement. Instead, it is an affirmative defense that the defendants have not

raised here.   *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).   Regardless, understanding Mann's efforts at exhaustion will inform the analysis regarding his failure to file the Complaint within the applicable statute of limitations.

Kentucky Department of Corrections Policies and Procedures Number 14.6 sets forth the relevant Inmate Grievance Procedure.  501 Ky. Admin. Reg. 6:020.  After an inmate files a properly-completed grievance, an attempt to resolve the problem is made through informal means.  If the inmate is not satisfied with the outcome of informal resolution, within five days of the date of receiving notice of the results, he may make a written request to the Grievance Coordinator that the Grievance Committee hold a hearing concerning his grievance.

 If the inmate is dissatisfied with the Grievance Committee's recommendation, he has three days to appeal to the Warden by submitting his request for appeal to the Grievance Coordinator.  The Warden shall examine the grievance and make a decision within 15 days of receiving the grievance from the Grievance Coordinator.  An inmate who is not satisfied with the Warden's decision may appeal to the Commissioner by submitting his request for appeal to the Grievance Coordinator within three days.  The Commissioner shall respond to the grievance within 15 days of the receipt of the appeal.

In the present case, Mann filed the first grievance on January 27, 2016.  A staff member noted the following informal resolution on February 8, 2016: "After speaking with Ms. Helton, it was confirmed all portions are correct and proper utensils are used for all menu items including eggs.  This is in compliance with menu standards." [Record No. 1-1, p. 8]  Mann signed the form on February 12, 2016, indicating that he was satisfied with the informal resolution of his grievance. Despite Mann's apparent agreement with the information resolution, the Grievance Committee issued a recommendation on March 3, 2016, stating that

the Committee agreed with the informal resolution. *Id.* at p. 9.  Mann indicated that he wished to appeal the recommendation to the Warden.  Consistent with the established policies and procedures, the form stated that Mann had three working days to forward the form to the Warden.  It is unclear whether Mann forwarded the form to the Warden or whether the Warden ever responded to the grievance.

Mann filed his second grievance on April 12, 2017.  It was informally resolved on April 17, 2017, with the staff member remarking: "Proper volume portions are correct.  Every recipe indicates which utensil to use to ensure proper portion is correct.  Weight is not the measurement used, it is volume.  Using the correct utensil ensures proper amount is given." *Id.* at p. 11.  On April 20, 2017, Mann indicated that he was not satisfied with the informal resolution.  A week later, the Grievance Committee issued findings and recommendations referring the matter to the Warden "to investigate [that] the actual food portions are correct [and] that the caloric intake measures up to what is required."  Mann indicated that he was satisfied with the Grievance Committee's recommendation. *Id.* at p. 12.

The Warden issued his decision on May 18, 2017.  He reported that a dietitian monitored the food service on an ongoing basis, that there was no indication the portions were incorrect, and no further action was required. *Id.*  Mann indicated that he wished to appeal the Warden's decision to the Commissioner.  The form instructed Mann that he had three business days to forward the form to the Grievance Coordinator for the Ombudsman.  Again, it is unclear whether Mann forwarded the form to the Grievance Coordinator or whether the Commissioner responded to the grievance.[1]

---

[1] Mann has tendered a grievance filed on his behalf by inmate Orville Ginn on May 2, 2018. *Id.* at p. 14.  He claims that Ginn's involvement was necessary because the defendants

## 2.     Statute of Limitations

Mann does not state explicitly that he is bringing his cruel and unusual punishment/deliberate indifference claims pursuant to 42 U.S.C. § 1983. However, § 1983 is the vehicle by which prisoners may assert that someone acting under color of state law violated their constitutional rights. *See, e.g. Estelle v. Gamble*, 429 U.S. 97 (1976). Section 1983 does not contain its own statute of limitations. Instead, courts refer to analogous state law, typically, the forum state's statute of limitations for personal injury claims. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Hawkins v. Spitters*, 79 F. App'x 168, 169 (6th Cir. 2003). Accordingly, Mann's claims are subject to a one-year statute of limitations under Kentucky Revised Statutes § 413.140(1)(a). *See Gray v. Lexington-Fayette Urban Cty. Gov.*, No. 5:13-045-DCR, 2013 WL 3322609, at *3 (E.D. Ky. July 1, 2013).

The statute of limitations for a civil rights action begins to run when the plaintiff knows or has reason to know of the event giving rise to the injury has occurred. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991). However, because prisoners cannot bring suit until they have exhausted their administrative remedies, the Court will assume that the statute of limitations was tolled for the period during which Mann was exhausting those remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). *But see Cuco v. FMC-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *26 (E.D. Ky. June 9, 2006) ("Because the tolling of the limitations period afforded to litigants while they exhaust administrative remedies is an equitable remedy, it requires diligence in the pursuit of those remedies.").

---

would not allow Mann to appeal his previous grievance. However, the record indicates that Mann was permitted to appeal his April 2017 grievance to the Commissioner. Further, the Inmate Grievance Procedure prohibits grieving on behalf of another inmate unless it pertains to an incident of sexual abuse. *See* 501 Ky. Admin. Reg. 6:020.

Administrative remedies are exhausted when prison officials fail to respond to a properly filed grievance. *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). The Court will assume *arguendo* that Mann forwarded the appeal of his April 12, 2017 grievance to the Grievance Coordinator within the three-day period for doing so. Assuming the Commissioner received the appeal within a reasonable time, the Commissioner's response would have been due on or around June 16, 2017. If the Commissioner failed to respond by that date, Mann's administrative remedies were deemed exhausted, and the one-year statute of limitations for filing suit in federal court began running. *See Mace v. Smith*, 3:17-CV-283, 2018 WL 6728569, at *3 (W.D. Ky. Dec. 21, 2018). Accordingly, Mann's deadline for filing suit would have been in June 2018. Therefore, the Complaint filed in February 2019, is untimely by several months.[2]

### B.      Mann's Motion for Summary Judgment

Mann also has filed a motion for summary judgment or, alternatively, for a jury trial. [Record No. 42] However, he has failed to identify any evidence supporting his claims or indicating that his Complaint was filed within the statute of limitations. *See Campbell v. Grand Trunk Western R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001) (explaining that once the defendant has shown that the statute of limitations has run, the burden shifts to plaintiff to establish an exception to the statute of limitations).

---

[2] Mann also alleges an isolated incident in which inmates were denied ice cream on November 23, 2017. He did not file an administrative grievance. It is unlikely that this "injury" could form the basis of his Complaint, as the subjective component of an Eighth Amendment claim requires the plaintiff to allege a specific incident of deliberate indifference by a prison official. *See Talal v. White*, 403 F.3d 423, 427 (6th Cir. 2005). Regardless, this event is alleged to have occurred one year and three months before Mann filed the instant lawsuit, making any complaint based on it untimely.

Mann argues primarily that the defendants' answers to his interrogatories are insufficient but he has failed to provide any proof supporting this assertion. Instead, has cited the defendants' Answer to the Complaint. The parties were given a period of time in which to conduct discovery, but it is unclear that Mann attempted to do so. *Pro se* litigants are responsible for familiarizing themselves and complying with the rules of civil procedure, including discovery. *See Thatcher v. Warden, Lebanon Corr. Inst.*, 2012 WL 5496503, at *3 (S.D. Ohio Nov. 13, 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Browning v. Pennington*, No. 6:08-CV-88-KKC, 2011 WL 846140, at *2 (E.D. Ky. Jan. 24, 2011). Those who do not proceed at their own peril. *See id.*

Finally, Mann contends that the defendants seek to "have his suit dismissed for failing [to meet] a guideline or rule." [Record No. 42] But as explained above, failure to file a suit within applicable the statute of limitations is a proper basis for dismissal.

## IV.   Conclusion

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1.      Defendants Aramark, Inc., Connie Helton, and Randy Ingram's motion for summary judgment [Record No. 40] is **GRANTED**.

2.      Plaintiff John Mann's motion for summary judgment [Record No. 42] is **DENIED**.

3.      This action is **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

- 9 -

Dated:  June 10, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky